IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JERRY L. GANT,<br>        Petitioner,<br><br>v.<br><br>SUPERVISOR THOMPSON, and<br>PA STATE ATTORNEY GENERAL,<br>        Respondents. | CIVIL ACTION<br><br><br><br>NO. 17-46 |

# O R D E R

**AND NOW**, this 23rd day of June, 2017, upon consideration of *pro se* petitioner Jerry L. Gant's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (Document No. 1, filed Nov. 10, 2016),[1] the record in this case, the Report and Recommendation of United States Magistrate Judge Lynne A. Sitarksi dated January 27, 2017 (Document No. 3), Petitioner's Objections to the Magistrate's Report and Recommendation (Document No. 8, filed Mar. 5, 2017), and Response to Petitioner's Objection to the Magistrate's Report and Recommendation (Document No. 15, filed June 2, 2017), **IT IS ORDERED** as follows:

    1.    The Report and Recommendation of United States Magistrate Judge Lynne A. Sitarski dated January 27, 2017, is **APPROVED** and **ADOPTED**;

    2.    Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus filed by *pro se* petitioner, Jerry L. Gant, is **DISMISSED** as untimely filed; and

    3.    Petitioner's Objections to the Magistrate's Report and Recommendation are **OVERRULED**.

---

[1] Petitioner's submissions were considered filed by the mailing date pursuant to the prisoner mailbox rule. *See* R & R 3 n.3.

**IT IS FURTHER ORDERED** that a certificate of appealability will not issue because reasonable jurists would not debate the propriety of this Court's procedural rulings with respect to petitioner's claim. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The decision of the Court is based on the following:

1. The facts of the case are set forth in the Report and Recommendation of United States Magistrate Judge Lynne A. Sitarksi dated January 27, 2017 ("R & R"), which this Court has approved and adopted, and will not be repeated in this Order. The Court writes only to explain its ruling with regard to *pro se* petitioner's Objections to the R & R.

2. The Objections are overruled to the extent that they, in great part, do not address the sole ground for Judge Sitarski's recommendation of dismissal—petitioner did not file his *habeas corpus* petition within the one-year period for doing so under the statute of limitations provision of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and demonstrated no grounds for statutory or equitable tolling. *See Nghiem v. Kerestes*, Civil Action No. 08-4224, 2009 WL 960046, at *1 n.1 (E.D. Pa. Apr. 3, 2009) (declining additional review where petitioner did not address untimeliness, the sole ground for recommendation of dismissal).

3. To the extent that the Objections can be construed as addressing the timeliness of the *pro se* habeas petition, the Court concludes as follows:

    a. First, petitioner's Pennsylvania Post-Conviction Relief Act ("PCRA") petition was untimely. Objections 13; *see* R & R 2, 8-10.

    b. Second, petitioner's argument that *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States*, --- U.S. ----, 133 S. Ct. 2151 (June 17, 2013), affect the timeliness of his habeas petition is rejected. Objections 2-12. Under 28 U.S.C. § 2244(d)(1), the one-year time period within which to file a *habeas corpus* petition runs "from the latest" of four

dates, two of which are raised by petitioner's argument: "(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" or "(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

Petitioner pled guilty and was sentenced on September 23, 2013, R & R 2; thus, the judgment became final after the constitutional rights he asserts were recognized in *Apprendi* (decided June 26, 2000) and *Alleyne* (decided June 17, 2013). Therefore, as Magistrate Judge Sitarski stated in the R & R, the date on which the judgment became final is the date from which the statute of limitations runs in petitioner's case. Moreover, petitioner's argument that *Apprendi* and *Alleyne* apply retroactively to cases on collateral review has been rejected by the United States Court of Appeals for the Third Circuit. *See United States v. Swinton*, 333 F.3d 481 (3d Cir. 2004) (*Apprendi*); *United States v. Reyes*, 755 F.3d 210 (3d Cir. 2014) (*Alleyne*).

    c.    Third, petitioner's statements that "he is a layman with no proper education holding about a 70 I.Q.," was not aware of the possible claim regarding his sentence "until he was informed by other inmates," and that he "diligently researched Federal law," do not demonstrate grounds for equitable tolling. Objections 13-14. A petitioner's "mental incompetency is not a *per se* reason to toll a statute of limitations," *Nara v. Frank*, 264 F.3d 310, 320 (3d Cir. 2001), *overruled on other grounds by Carey v. Saffold*, 536 U.S. 214 (2002); rather, petitioner must show some causal connection between his alleged mental incompetency and his failure to timely file, and petitioner has not done so. *See Ross v. Varano*, 712 F.3d 784, 803 (3d Cir. 2013). Petitioner's assertion that he has a low I.Q. does not suffice. Similarly, a "lack of legal knowledge or legal training does not alone justify equitable tolling." *Id.* Finally, the fact

3

that petitioner has "diligently researched Federal law," as he argues, does not show that he has diligently pursued his rights.

   d. Fourth, the Court rejects petitioner's argument that asserting constitutional violations overcomes AEDPA's statute of limitations or permits equitable tolling. Objections 12-14.

   e. Finally, the Court concludes that the case submitted by petitioner in support of the *pro se* petition, *Commonwealth v. Porter*, 2016 WL 6947064, No. 1743 WDA 2015 (Pa. Super. Ct. Nov. 28, 2016),[2] does not support his argument. The *Porter* case does not address the ground for Judge Sitarski's recommendation of dismissal—the untimely filing of the habeas petition. *Porter* involved a timely PCRA petition, not, as in this case, an untimely habeas petition under AEDPA. The issues presented in *Porter* were entirely different.

**BY THE COURT:**

**/s/ Hon. Jan E. DuBois**

    **DuBOIS, JAN E., J.**

---

[2] Plaintiff submitted this case as "Exhibit AA-1," which is dated January 9, 2017, but was not docketed until January 30, 2017 (Doc. No. 4), and was thus not considered in the R & R.